Mr. Justice ThacheR
delivered the opinion of the court.
This was a motion against a sheriff and his five sureties, upon his official bond.
Notice of the motion was given to the sheriff and two of his sureties, but not to the three other sureties. Upon the hearing of the motion, a dismissal was made as to the three sureties not served with notice, and ultimately the motion was sustained against the sheriff and the two sureties in court by service of notice.
The sole question is, whether a valid judgment upon motion can be given against a minority of the sureties.
*714 By the statute of 1822, H. & H. 642, § 42, a sheriff or other officer could be proceeded against by motion, in a certain state of case, made to demand judgment against such sheriff or other officer, and their sureties, jointly.
By the Act. of December 19, 1831, Hutch. Dig. 845, art. 6, sec. 1, it was made lawful thereafter for the holder of any bond, &c. to sue any number of the obligors, &c. thereof in one and the same action.
The proceeding by motion against a sheriff and the sureties, upon his official bond, is a remedy in the nature of an action. It is a mode of proceeding which has been held by this court not to be an infringement of the constitutional provision, which guarantees the right of trial by jury. Lewis v. Garrett's Adm'r, 5 How. 434. An action is the form of a suit given by law for the recovery of that which is one’s due; or it is a legal demand of a man’s right. Co. Lit. 285. Hence, the proceeding by motion agairist a shériff and his sureties.having been given by. statute, and not being in contravention of the constitution, may properly be termed and deemed an action.
Any person may be considered the holder of a bond, for whose use or benefit the law permits it to be employed against the principal and sureties. Such is ‘ the case in motion against sheriffs for neglect or deviation from duty, in the instances enumerated by statute.
With the foregoing views, the statutes of 1822 and 1831, construed together, would seem to amply warrant a proceeding by motion against one or more, as well as against all, generally, of the sureties in a sheriff’s bond. In the case of Dunn v. Newman, 7 How. 582, we held that a plaintiff in execution may proceed, by motion, against the sheriff alone, for failing to pay over money collected.
Furthermore, it was provided by the statute of 1836, How. & Hutch. 299, sec. 33, that the remedy upon sheriffs’ bonds shall thereafter be joint and several, as upon other bonds or promises. It is also provided by this statute, that in suits and actions on such bonds against a surety only, the liability of t,he sheriff 'shall be first fixed. The term “remedy” is broad, and com *715 prehends every legal proceeding that can be instituted upon a sheriff’s‘bond, and by the previous statute of 1831, the technical legal meaning of the word “several,” as we have seen, had been changed.
Without this statute of 1836, indeed, and by virtue of the statute of 1831, together with our interpretation of the meaning and nature of a motion of this character, being in point of fact an action or suit, it was competent for the plaintiff in the motion to have entered his dismissal as to any of the sureties in the sheriff’s bond. But the statute of 1836 greatly fortifies this opinion, and is conclusive upon it.
Judgment affirmed.